UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HALL,

       Plaintiff,                    Civil Case No. 14-12706
                                        Honorable Linda V. Parker

v.

IKEA PROPERTY INC.
J.W. LOGISTICS, LLC.

       Defendants,

IKEA PROPERTY INC.
       Third Party Plaintiff

J.W. LOGISTICS, LLC.
       Third Party Defendant

_____/

## OPINION AND ORDER GRANTING J.W. LOGISTICS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 53]

Plaintiff Charles Hall ("Plaintiff") has filed this lawsuit asserting claims of premises liability and ordinary negligence. Presently before the court in this diversity action is Defendant J.W. Logistics, LLC.'s ("Defendant" or "J.W.") motion for summary judgment, brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 53.) For reasons that follow, the Court **GRANTS** Defendant's motion for summary judgment.

1

I.  Factual Background

Plaintiff initially asserted that he was employed by J.W. to ship furniture to the homes of IKEA Property Inc.'s ("IKEA") customers who had purchased furniture from IKEA. (Hall Dep., ECF No. 31-2 at Pg. ID 264, 268.) However, Defendant in its motion asserts – and Plaintiff does not contest – the following: (1) a contract exists between IKEA and J.W., wherein J.W. provides trucking and delivery services for IKEA; (2) in furtherance of said contractual relationship, J.W. entered into an agreement with Trucking Support Services; (3) Trucking Support Services then entered into a service agreement with Damus Vanover, an independent owner and operator; and (4) Mr. Vanover hired Plaintiff as an unloader to make deliveries from the IKEA warehouse to other IKEA locations and customers. (Def.'s Mot., ECF No. 53 at Pg. ID 750; Pl.'s Resp. Br., ECF No. 54 at Pg. ID 809.)

Each morning that Plaintiff worked at J.W., he was given a delivery checklist that identified the items that Plaintiff needed to retrieve from the J.W. warehouse, as well as the IKEA location in Canton, Michigan. (Hall Dep., ECF No. 31-2 at Pg. ID 268.) He and at least one co-worker would load the furniture onto a truck and deliver the items to IKEA customers. (*Id.*)

On the day of the incident, Plaintiff arrived at J.W. at approximately 7:30 a.m. and was given the delivery list. (*Id.* at Pg. ID 273.) Plaintiff and his coworker,

Andre, loaded the furniture stored at the J.W. location onto their moving truck and subsequently drove to the IKEA location in Canton to retrieve the remaining furniture listed on the manifest. (*Id.*) Plaintiff arrived at IKEA somewhere between 8 and 9 a.m. that day. (*Id.*) The sun was out and the weather was dry. (*Id.*) Plaintiff drove the truck that day and upon arrival at IKEA, he proceeded to back the truck up to the loading dock. (*Id.* at Pg. ID 278.) He claims that the truck was aligned flush to the rubber bumpers that prevented the truck from crashing into the loading dock. (*Id.*) Plaintiff also states that IKEA allowed J.W. workers to use a steel loading dock plate to walk across the gap between the loading dock and the truck. (*Id.*) Plaintiff contends that on the date of the accident he placed the dock plate properly and securely in position so that it did not shake and was "sturdy in the hole." (*Id.*) Shortly after securing the dock plate, an IKEA representative brought out wheeled carts with the items listed on the manifest for shipping. (*Id.*) Subsequently, Plaintiff grabbed a mirror that was placed beside the carts and proceeded to load the mirror on the truck. (*Id.*) Plaintiff asserts that he loaded the mirror onto the truck first so that he could strap it to the side of the truck and prevent it from breaking. (*Id.*) The mirror was between five and six feet tall, it was wide, and it weighed approximately forty pounds. (*Id.* at Pg. ID 278–79.)

Plaintiff asserts that loading the mirror required him to carry the mirror vertically in front of him – because it was impractical to carry it with one arm or on

the mirror's side. (*Id.* at Pg. ID 285–86.) Carrying the mirror the way that Plaintiff did obstructed his vision – Plaintiff could not see directly in front of him. (*Id.* at Pg. ID 280.)  Prior to attempting to load the mirror on the truck, Plaintiff looked at the plate and tried to align himself up with the plate (while holding the mirror) so that he could see where he should be walking. (*Id.* at Pg. ID 284.) Subsequently, Plaintiff started walking in the direction of the plate with the mirror in front of his face. (*Id.*) While walking, Plaintiff looked down at his feet; he reached the back of the truck and was able to see the metal plate. (*Id.*) Plaintiff claims that he was able to put one foot on the plate, and when he attempted to put the other foot on the plate, that foot "slipped off the plate," causing plaintiff to fall and the mirror to shatter. (*Id.*) Plaintiff claims that he did not misjudge where the edge of the plate was, and that his foot just "slipped off the plate and went through the hole." (*Id.* at Pg. ID 279.)

   As a result of the fall, Plaintiff fractured his left tibia and fibula. (Compl., ECF No. 28 at Pg. ID 121.)  This lawsuit followed shortly after the incident. (ECF No. 28.) Defendant's motion for summary judgment followed subsequent to the filing of the amended complaint. (ECF No. 53.)

## II.     Standard of Review

### A. Summary Judgment

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

### III. Analysis

In his complaint, Plaintiff asserts that Defendant, as his employer: (1) owed him a statutory duty to provide workers compensation insurance pursuant to MCL § 418.611; (2) that Defendant failed to do so; and (3) that Defendant is therefore liable pursuant to MCL § 418.641. (Compl., ECF No. 28 at Pg. ID 122.) Plaintiff also alleges that in violation of MCL § 408.1011 Defendant failed to provide necessary material for loading and securing goods, failed to provide a safe work space, and failed to train Plaintiff in loading and unloading the truck. (*Id.* at Pg. ID 123.)

Defendant argues that: (1) Plaintiff was employed by Damus Vanover; (2) Defendant is nevertheless Plaintiff' statutory employer under the Workers' Disability Compensation Act (WDCA), MCL. § 418.171; and (3) the exclusive remedy provision of § 131 of the WDCA applies to bar Plaintiff's claim and

6

justifies summary judgment of Plaintiff's claim pursuant to Federal Rule of Civil Procedure 56. (Def.'s Mot., ECF No. 53 at Pg. ID 750, 752–54.) Plaintiff does not dispute the fact that he was employed by Mr. Vanover, or that Defendant is his statutory employer under the WDCA. (Pl.'s Resp. Br., ECF No. 54 at Pg. ID.) However, Plaintiff argues that his claim is not barred under the WDCA since Defendant has failed to provide him with workers compensation benefits. (*Id.* at Pg. ID 812.)

"Generally, workers' compensation liability extends to all employers under § 111 of the [WDCA], M.C.L. § 418.111; M.S.A. § 17.237(111), other than those set forth in § 115, M.C.L. § 418.115; M.S.A. § 17.237(115)." *Burger v. Midland Cogeneration Venture*, 507 N.W.2d 827, 829 (Mich. Ct. App. 1993) (quoting *Smith v. Park Chemical Co.*, 397 N.W.2d 260 (Mich. Ct. App. 1986). "Recognizing that employees in certain industries may not be adequately covered, the Legislature enacted § 171 of the [WDCA] to ensure that workers' compensation coverage is extended to employees of contractors and subcontractors, even if their employers failed to obtain adequate coverage." *Ibid.*

Specifically, 171 of the WDCA holds the following:

> (1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is

7

> made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. If compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the person under the employer by whom he or she is immediately employed. A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.

Workers' Disability Compensation Act (WDCA), M.C.L. §418.171.

Employers subject to liability under § 171 are commonly referred to as statutory employers, and if an employer is a statutory employer under § 171 of the WDCA, the exclusive remedy provision of § 131 of the WDCA applies. *Burger*, 507 N.W.2d at 830 (citing *Dagenhardt v. Special Machine & Engineering, Inc.*, 345 N.W.2d 164, 167 (1984) (further citations omitted). Section 131 of the act holds that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort." M.C.L. § 418.131.

> Regarding the WDCA, the court in *Burger* held the following:
> An employer qualifies as a statutory employer under § 171 if it contracted with another employer not subject to the act or who has not complied with § 611 of the act, M.C.L. § 418.611; M.S.A. § 17.237(611). See *Sexton v. JIT, Inc. (On Remand),* 200 Mich.App. 52, 55, 504 N.W.2d 16 (1993). To comply with § 611, an employer must

8

> secure payment of workers' compensation benefits either by being self-insured, by obtaining insurance, or by insuring with the Accident Fund. *Sexton, supra,* 200 Mich.App. at 54, 504 N.W.2d 16.

*Burger*, 507 N.W.2d at 830.

Having reviewed the relevant case law, and the record in the instant action, it is readily apparent that the exclusive remedy provision of § 131 of the WDCA applies to bar Plaintiff's claim against Defendant.

Defendant asserts, and Plaintiff does not dispute, that Mr. Vanover was subcontracted to Trucking Support Services who was contracted to J.W. (Def.'s Mot., ECF No. 53 at Pg. ID 743, 750; Pl.'s Resp. Br., ECF No. 54 at Pg. ID 809.) Additionally, Plaintiff does not contest: (1) Defendant's assertion that it is a principle and that Mr. Vanover and Trucking Support Services are contractors under § 171 of the WDCA; or (2) Defendant's contention that neither Mr. Vanover nor Trucking Support services had workers compensation or were covered under Defendant's insurance. (*Ibid.*)

Defendant qualifies as a statutory employer. Having reviewed § 171, Defendant was clearly a "principal," given that he contracted Mr. Vanover and Trucking Services, both of whom failed to purchase workers compensation insurance, and were thus neither subject to the act nor in compliance with § 611 of the act. (Def.'s Mot., ECF No. 53 at Pg. ID 752.) Defendant, however, did purchase workers compensation insurance. (*See* ECF No. 53-2 at Pg. ID 758.)

9

Plaintiff was entitled to workers compensation and he in fact sought it from Defendant. (*See Compl.*, ECF No. 28 at Pg. ID 122.) "The principal incurs liability for an injured worker's disability compensation benefits merely because that worker was employed by an uninsured employer and was injured while performing work which the principal contracted for the employer to perform." *Dagenhardt v. Special Mach. & Eng'g, Inc.*, 345 N.W.2d 164, 167 (1984); *Burger*, 507 N.W. 2d. at 830. When such is the case, "§§ 131 and 171 require that a principal liable for a worker's disability compensation benefits is entitled to invoke the exclusive remedy provision against that worker [.]" *Dagenhardt*, 345 N.W.2d at 167. Since Defendant is a statutory employer under § 171, the exclusive remedy provision of § 131 applies, and the sole remedy against Defendant is entitlement to workers compensation benefits. *See* MCL § 418.131. Accordingly, Plaintiff's claim against Defendant is prohibited.

Plaintiff asserts that the exclusive remedy provision should not apply because Defendant has not paid Plaintiff worker's compensation benefits. (ECF No. 54 at Pg. ID 812). Plaintiff does not provide support for his contention. He has failed to supply evidence that he has exhausted his administrative remedies, and he does not assert that he is appealing a denial of workers compensation benefits – rather he simply states that "although Defendant alleges it is Plaintiff's statutory employer, it does not act as his statutory employer." (*Id.*) "Issues adverted to in a

10

perfunctory manner, unaccompanied by some effort at developed argumentation, are [ ] deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)) (further citations omitted). Thus Plaintiff's argument that the exclusive remedy provision of the WDCA should not apply fails.

Accordingly, for the abovementioned reasons, the Court finds that Defendant is entitled to invoke the exclusive remedy provision of § 131 of the WDCA. Thus, Defendant's motion for summary judgment is **GRANTED** and the action against Defendant J.W. Logistics is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 17, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 17, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager