UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HALL,

Plaintiff,

v.

Case No. 4:14-cv-12706
Honorable Linda V. Parker

IKEA PROPERTY, INC., a foreign profit corporation,

Defendant.
______________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS, ANDREW J. SIEVERS (ECF NO. 74)**

Plaintiff Charles Hall ("Plaintiff") filed this lawsuit asserting claims of premises liability and negligence against Defendant Ikea Property, Inc. ("Defendant" or "Ikea"). The matter is currently scheduled for trial on November 14, 2016. Both Plaintiff and Defendant have filed motions in limine in anticipation of trial, which presently remain pending before the Court. In those motions, Plaintiff seeks to:

- Strike Defendant's Expert Witness, Andrew J. Sievers (ECF No. 74); and
- Strike Nonparty At Fault Claim (ECF No. 75).

Defendant's motions in limine seek to:

- Exclude Testimony of DeAndre Kinney (ECF No. 76); and

- Preclude Evidence of Plaintiff's Wage Loss Claim (ECF No. 77).

Both parties have filed briefs in response to the opposing party's motions. (ECF Nos. 78-84.) The Court now resolves the Motion to Strike Defendant's Expert Witness, Andrew J. Sievers. (ECF No. 74.)

## I. Factual Background

Plaintiff filed this suit against Defendant for an injury he obtained through the course of his employment at J.W. Logistics ("JW"). (ECF No. 28, ¶¶ 3, 7.) This Court issued a scheduling order on October 14, 2014, requiring the parties to submit their lay and expert witness lists by November 14, 2014. (ECF No. 18 at Pg ID 68.) Both parties submitted timely lay and expert witness lists. (ECF Nos. 21, 22.) Defendant's Witness List included liability experts, but did not include Andrew J. Sievers ("Sievers") as a potential witness. (ECF No. 21 at Pg ID 78-84.)

Defendant filed a supplemental witness list on August 23, 2016 naming Sievers as an expert witness on the issue of liability. (ECF No. 70 at Pg ID 891-92.) On September 8, 2016, Defendant provided Plaintiff with Sievers' expert report.[1] (ECF No. 83 at Pg ID 1160.)

[1] The Court notes that the date the expert report was submitted to Plaintiff is in dispute. Plaintiff contends the expert report was not submitted until September 11, 2016 via e-mail. (ECF No. 74 at Pg ID 902.) This dispute does not affect the Court's decision.

Defendant argues that Sievers' testimony should be allowed, because "[o]nly the identity of this expert changed, not the subject matter of the testimony." (ECF No. 83 at Pg ID 1159.) Plaintiff argues that this late disclosure still violates Rule 26(a)(1) and should not be admissible. (ECF No. 74 at Pg ID 903.) Further, Plaintiff points out deficiencies within the actual report. Plaintiff asserts that the expert report fails to include the information required under Rule 26.

**II. Legal Standard**

Federal Rule of Civil Procedure 26 ("Rule 26") governs disclosure of expert testimony. Under Rule 26(a)(2)(B), parties are required to provide a written report unless otherwise stipulated or ordered by the court. Fed.R.Civ.P. 26(a)(2)(B). A party who fails to provide an expert report in accordance with Rule 26(a) is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ. P. 37(c)(1).

Rule 26 also governs the timeliness of disclosures by experts. Rule 26(2)(D) states that a party must make expert testimony disclosures "at least 90 days before the date set for trial or for the case to be ready for trial" or within 30 days after another party's disclosure if the expert witness testimony is intended to contract or rebut evidence. Fed.R.Civ.P. 26(2)(D). District courts have broad discretion to exclude untimely disclosed expert-witness testimony. *Matilla v. S. Kentucky Rural*

*Elec. Co-op Corp.*, 240 F. App'x 35, 42 (6th Cir. 2007) (citing *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir. 2000)).

## III. Analysis

The Court first notes that neither party submitted Sievers' expert report to determine whether it adheres to the requirements for Rule 26. Therefore, the Court is unable to analyze the sufficiency of his report under Rule 26(2)(B). The Court now turns to an analysis of the timing of the disclosure of Sievers as an expert witness.

Defendant filed the supplemental witness list that included Sievers on August 23, 2016. (ECF No. 70.) The expert report was not submitted to Plaintiff until September 8, 2016. (ECF No. 83 at Pg ID 1160.) Both submissions violate the 90-day requirement under Rule 26(2)(D). Trial is scheduled for November 14, 2016. 90 days before trial falls on August 16, 2016. Therefore, Defendant filed an untimely expert report. The Court therefore excludes the expert testimony of Andrew J. Sievers pursuant to Rule 37(c)(1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's Expert

Witness, Andrew J. Sievers (ECF No. 74) is **GRANTED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager