UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HALL,

        Plaintiff,

v.                                                                              Case No. 4:14-cv-12706
                                                                       Honorable Linda V. Parker

IKEA PROPERTY, INC., a
foreign profit corporation,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE NONPARTY AT FAULT CLAIM [ECF NO. 75]

Plaintiff Charles Hall ("Plaintiff") filed this lawsuit asserting claims of premises liability and negligence against Defendant Ikea Property, Inc. ("Defendant" or "Ikea").  The matter is currently scheduled for trial on November 14, 2016.  Both Plaintiff and Defendant have filed motions in limine in anticipation of trial, which presently remain pending before the Court.  In those motions, Plaintiff seeks to:

- Strike Defendant's Expert Witness, Andrew J. Sievers (ECF No. 74); and

- Strike Nonparty At Fault Claim (ECF No. 75).

Defendant's motions in limine seek to:

- Exclude Testimony of DeAndre Kinney (ECF No. 76); and

- Preclude Evidence of Plaintiff's Wage Loss Claim (ECF No. 77).

Both parties have filed briefs in response to the opposing party's motions. (ECF Nos. 78-84). The Court now resolves Plaintiff's Motion to Strike Nonparty at Fault Claim. (ECF No. 75.)

### I. Factual Background

Plaintiff filed this suit against Defendant for an injury he obtained through the course of his employment at J.W. Logistics ("JW"). (ECF No. 28, ¶¶ 3, 7.) Defendant filed a third-party complaint against JW and Plaintiff later filed an amended complaint adding JW as a party. (ECF Nos. 3, 28.) JW filed a motion for summary judgment against Plaintiff that was granted by this Court on March 17, 2016. (ECF No. 65.) In the Opinion and Order, this Court held that "the exclusive remedy provision of § 131 of the [Worker's Disability Compensation Act] applies to bar Plaintiff's claim against [JW]." (*Id.* at Pg ID 880.)

Plaintiff argues that this Court's prior decision holds that JW cannot be considered at fault, and therefore the jury is precluded from allocating fault to JW. (ECF No. 75 at Pg ID 917.) Defendant disagrees. Defendant argues that JW can be named as a nonparty at fault, even if Plaintiff is unable to recover against JW on a tort claim. (ECF No. 82 at Pg ID 1118.)

## II. Legal Standard

Michigan Compiled Law § 600.2957(1) provides:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

Therefore, the statute allows a jury to allocate fault to a nonparty. *See, e.g.*, *Rinke v. Potrzebowski*, 657 N.W.2d 169, 171 (Mich.App. 2002).

The Michigan Supreme Court has held that "proof of duty *is* required before fault can be apportioned and liability allocated under the comparative law statutes." *Romain v. Frankenmuth Mut. Ins. Co.*, 762 N.W.2d 911, 913 (Mich. 2009) (internal quotation marks omitted). However, the Michigan Court of Appeals has held that "a person *can* owe a duty to a plaintiff even when the plaintiff cannot recover any remedy from that person." *Schmeling v. Whitty*, No. 292190, 2011 WL 520539, at *2 (Mich.App. Feb. 15, 2011); *see also Sedgewick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F.Supp.3d 536 (E.D. Mich. 2014) (holding that an employer subject to the exclusive remedy provision of the Worker's Disability Compensation Act could be named as nonparty at fault). Factfinders determine the percentage

of fault of nonparties only to accurately determine the percentage of fault for named parties. *See generally* 18A. Mich. Civ. Jur. Negligence § 111.

### III. Analysis

Plaintiff argues that JW should not be named as a nonparty based on this Court's decision granting JW's motion for summary judgment. In that decision, this Court held that Plaintiff could not recover from JW under the Worker's Disability Compensation Act. (ECF No. 65 at Pg ID 880.) However, this Court did not find that JW owed no duty to Plaintiff. Rather, the Court noted that JW was Plaintiff's statutory employer under § 131 of the Worker's Disability Compensation Act. (*Id.*) Because there were no findings of duty of JW at the summary judgment stage, Defendant is not barred from introducing facts related to JW's role in Plaintiff's injury for the purpose of assessing fault of the Defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Nonparty at Fault Claim (ECF No. 75) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2016, by electronic and/or

U.S. First Class mail.

                                                               s/ Richard Loury  
                                                               Case Manager