UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HALL,

        Plaintiff,

v.                                                Case No. 4:14-cv-12706
                                                     Honorable Linda V. Parker

IKEA PROPERTY, INC., a
foreign profit corporation,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DEANDRE KINNEY [ECF NO. 76]

Plaintiff Charles Hall ("Plaintiff") filed this lawsuit asserting claims of premises liability and negligence against Defendant Ikea Property, Inc. ("Defendant" or "Ikea"). The matter is currently scheduled for trial on November 14, 2016. Both Plaintiff and Defendant have filed motions in limine in anticipation of trial, which presently remain pending before the Court. In those motions, Plaintiff seeks to:

- Strike Defendant's Expert Witness, Andrew J. Sievers (ECF No. 74); and
- Strike Nonparty At Fault Claim (ECF No. 75).

Defendant's motions in limine seek to:

- Exclude Testimony of DeAndre Kinney (ECF No. 76); and

- Preclude Evidence of Plaintiff's Wage Loss Claim (ECF No. 77).

Both parties have filed briefs in response to the opposing party's motions. (ECF Nos. 78-84.) The Court now resolves the Motion to Exclude Testimony of DeAndre Kinney. (ECF No. 76.)

### I.   Factual Background

Plaintiff filed this suit against Defendant for an injury he obtained through the course of his employment at J.W. Logistics ("JW"). (ECF No. 28, ¶¶ 3, 7.) Plaintiff alleges that while he was loading a long mirror onto the truck, "his left leg fell through the gap between the loading dock and truck, causing the leg to fracture immediately." (*Id.* ¶ 9.) According to Plaintiff, his foot "slipped off the side of the plate." (Hall Dep. 75:20, Feb. 13, 2015.) The dock plate did not move. (*Id.* at 76:15-16.) Plaintiff argues the dock plate was too short. (ECF No. 79 at Pg ID 1088.)

Plaintiff's witness, DeAndre Kinney ("Kinney") also was involved in accident related to a dock plate while employed by JW. (*Id.*) Kinney was not present when Plaintiff's accident occurred. (ECF No. 76 at Pg ID 936.) Kinney's accident occurred on June 16, 2014, approximately three weeks after Plaintiff's accident. (*Id.*) Kinney's accident occurred when the dock plate he used for loading moved. (*Id.* at Pg ID 938.)

Defendant argues that the cause of the accident is different than the witness, and therefore Kinney's testimony would confuse the issues and mislead the jury. (*Id.* at Pg ID 937.) Plaintiff disagrees, stating that Kinney's testimony demonstrates that the Defendant's loading dock was too short. (ECF No. 79 at Pg ID1088.)

## II. Legal Standard

Prior incidents are admissible if they are "substantially similar" to the incident at issue in a case. *Rye v. Black & Decker Mfg. co.*, 889 F.2d 100, 102 (6th Cir. 1989). To be "substantially similar" the incidents must "occur[] under similar circumstances or share the same cause." *Surles ex rel. Johnson v. Greyhound Lines*, 474 F.3d 288, 297 (6th Cir. 2007) (internal citation omitted). The proffering party is required to demonstrate proof of substantial similarity. *Id.*

## III. Analysis

Plaintiff fails to satisfy the burden of substantial similarity. Kinney's accident did not occur under similar circumstances or share the same cause. While Kinney's accident occurred when the dock plate moved (ECF No. 76 at Pg ID 938), Plaintiff alleges the cause of his accident stems from the dock plate being too short. (ECF No. 79 at Pg ID 1088.)

Plaintiff speculates that Defendant wants to bar Kinney's testimony because Kinney could testify that Defendant was on notice that the dock plates were too

small.  (*Id.* at Pg ID 1091.)  This Court has already determined that Defendant was on notice; therefore Kinney's testimony would be relevant only to establish causation.  (ECF No. 63 at Pg ID 851.)

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Exclude Testimony of DeAndre Kinney (ECF No. 76) is **GRANTED.**

                         s/ Linda V. Parker  
                         LINDA V. PARKER  
                         U.S. DISTRICT JUDGE

Dated: November 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2016, by electronic and/or U.S. First Class mail.

                         s/ Richard Loury  
                         Case Manager