UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES HALL,

        Plaintiff,

v.                      Case No. 4:14-cv-12706
                      Honorable Linda V. Parker

IKEA PROPERTY, INC., a
foreign profit corporation,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE EVIDENCE OF PLAINTIFF'S WAGE LOSS CLAIM (ECF NO. 77)

Plaintiff Charles Hall ("Plaintiff") filed this lawsuit asserting claims of premises liability and negligence against Defendant Ikea Property, Inc. ("Defendant" or "Ikea"). The matter is currently scheduled for trial on November 14, 2016. Both Plaintiff and Defendant have filed motions in limine in anticipation of trial, which presently remain pending before the Court. In those motions, Plaintiff seeks to:

- Strike Defendant's Expert Witness, Andrew J. Sievers (ECF No. 74); and
- Strike Nonparty At Fault Claim (ECF No. 75).

Defendant's motions in limine seek to:

- Exclude Testimony of DeAndre Kinney (ECF No. 76); and

- Preclude Evidence of Plaintiff's Wage Loss Claim (ECF No. 77).

Both parties have filed briefs in response to the opposing party's motions.  (ECF Nos. 78-84.)  The Court now resolves the Motion to Preclude Evidence of Plaintiff's Wage Loss Claim.  (ECF No. 77.)

## I.     Factual Background

Plaintiff filed this suit against Defendant for an injury he obtained through the course of his employment at J.W. Logistics ("JW").  (ECF No. 28, ¶¶ 3, 7.)  Plaintiff seeks compensation for the wages he lost as a result of the accident.  (*Id.*, ¶ 35.)

At the time of the accident, Plaintiff states he was working full time at a set rate of $100 per hour.  (ECF No. 78 at Pg ID 1082-83.)  Plaintiff had worked for one and a half months at the time of the accident.  (*Id.* at Pg ID 1082.)  Plaintiff was paid in cash and therefore lacks pay stubs and did not file tax returns.  (ECF No. 77 at Pg ID 1027.)

Plaintiff argues this is sufficient to calculate loss of wages.  Defendant disagrees, noting that Plaintiff is unable to show what he was earning prior to the accident and therefore should not be allowed to present evidence of wage loss during trial.  (ECF No. 77 at Pg ID 1027.)

## II.    Legal Standard

"Recovery is not permitted in a tort action for remote, contingent, or speculative damages." *Ensink v. Mecosta County General Hosp.*, 687 N.W.2d 143, 147 (Mich. App. 2004) (quoting *Theisen v. Knake*, 599 N.W.2d 777, 782 (Mich.App. 1999). The party asserting damages has the burden of proving its damages with reasonable certainty. *Id.* at 148 (internal citation omitted). While recovery does not permit speculative damages, "mathematical precision" is not required if there is a "reasonable basis for computation." *Id.* (citing *Hofmann v. Auto Club Ins. Ass'n*, 535 N.W.2d 529, 555 (Mich.App. 1995). "[Q]uestions of what damages might be reasonably anticipated is a question better left to the factfinder." *Id.* (citing *Wendt v. Auto Owners Ins. Co.*, 401 N.W.2d 375, 378 (Mich.App. 1986).

**III. Analysis**

Defendant notes that Plaintiff is unable to provide tax returns or pay stubs to calculate wage loss damages. (*See, e.g.*, ECF No. 77 at Pg ID 1027.) However, Plaintiff has stated both the amount he was paid per day at his last job and provided some information about prior steady jobs. (E.C.F. No. 78 at Pg ID 1082-83.) Whether this information constitutes a "reasonable basis for computation" is question that should be left for the factfinder—the jury—rather than the Court at this time. *See Ensink*, 687 N.W.2d at 148.

Accordingly,

3

**IT IS ORDERED** that Defendant's Motion to Preclude Evidence of Plaintiff's Wage Loss Claim (ECF No. 77) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager